UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINICK M. GUARNERI,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al.,<br><br>    Defendants. | Case No. 15-cv-01826-JSC<br><br>**ORDER TO SHOW CAUSE AS TO WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT** |

Plaintiff Dominick M. Guarneri, proceeding pro se, initiated this civil action by filing a document entitled "Verified Complaint" and "Removal of State Case #BAC1400863." (Dkt. No. 1.) Mr. Guarneri appears to be attempting to remove an unlawful detainer action filed against him in the Superior Court for the County of Riverside. Mr. Guarneri is thus the defendant in the state court action, not the plaintiff as he otherwise contends.

A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. A claim "arises under" federal law only if a "well-pleaded complaint" alleges a cause of action based on federal law—"an actual or anticipated defense" does not confer federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). The defendant seeking removal "bears the burden of establishing that removal is proper" and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.,* 582 F.3d 1083, 1087 (9th Cir. 2009). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins.*

*Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). A case removed to federal court must be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Here, Mr. Guarneri bases removal on both federal question jurisdiction and diversity jurisdiction. The removed complaint, however, makes only a state-law claim for unlawful detainer.[1] Thus, that Mr. Guarneri advances certain claims in his Notice of Removal arising under federal law is of no moment because "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also U.S. Bank Nat'l Ass'n v. Terrenal*, No. 12–5540, 2013 WL 124355, at *2 (N.D. Cal. Jan. 8, 2013) (finding "no basis for asserting federal claim jurisdiction" where "[t]he complaint asserts only one state law claim for unlawful detainer"). With respect to diversity jurisdiction, Mr. Guarneri has not established that the parties are diverse or that the amount in controversy exceeds $75,000. Instead, the face of the state court complaint states that the amount demanded is less than $10,000. *See Federal National Mortgage Association v. Dominick M Guarneri et al.*, No. 14-1997 TJH (C.D. Cal.), Dkt. No. 1-1 at p. 8 (the caption states that the "[a]mount demanded does not exceed $10,000."). Further, even were Mr. Guarneri's contentions as to federal jurisdiction maintainable, he appears to be a citizen of California as the underlying complaint alleges that he occupies property in California. The removal therefore contravenes the provision of 28 U.S.C. § 1441(b) that precludes removal where any defendant is a

---

[1] Mr. Guarneri did not attach the state court complaint to his notice of removal despite 28 U.S.C. § 1446(a)'s requirement that he do so. The Court thus takes judicial notice of a prior notice of removal filed by Mr. Guarneri in the District Court for the Central District of California. *See Federal National Mortgage Association v. Dominick M Guarneri, et al.*, No. 14-1997 TJH (C.D. Cal.). The Court may take judicial notice of a fact "that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Further, a court may "take judicial notice of court filings and other matters of public record" which are "readily verifiable." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006). Mr. Guarneri attached the state court complaint to his notice of removal in the prior action in the Central District. *Federal National Mortgage Association v. Dominick M Guarneri et al.*, No. 14-1997 TJH (C.D. Cal.), Dkt. No. 1-1 (filed September 25, 2014). The complaint bears the same Riverside County Superior Court case number as on Mr. Guarneri's Complaint here: BAC 1400863 and is captioned "Complaint for Unlawful Detainer Following Foreclosure Sale Action Based on Code of Civil Procedure Section 1161a." (*Id.* at p. 8.)

citizen of the state in which the action was brought (the "no local defendant rule").

In light of the foregoing, the Court ORDERS Mr. Guarneri to SHOW CAUSE as to why this action should not be remanded to state court. Mr. Guarneri shall respond to this Order in writing by **May 27, 2015**. Failure to respond will result in remand of this case to the Riverside County Superior Court.

**IT IS SO ORDERED.**

Dated: April 30, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge