UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINICK M. GUARNERI,<br><br>   Plaintiff,<br><br> v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al.,<br><br>   Defendants. | Case No. 15-cv-01826-JSC<br><br>**ORDER REASSIGNING CASE; REPORT AND RECOMMENDATION TO REMAND** |

Plaintiff Dominick M. Guarneri, proceeding pro se, initiated this civil action by filing a document entitled "Verified Complaint" and "Removal of State Case #BAC1400863." (Dkt. No. 1.) Mr. Guarneri appears to be attempting to remove an unlawful detainer action filed against him in the Superior Court for the County of Riverside. Mr. Guarneri is thus the defendant in the state court action, not the plaintiff as he otherwise contends. Given the apparent lack of subject matter jurisdiction, the Court issued an Order for Mr. Guarneri to Show Cause ("OSC") why this case should not be remanded. (Dkt. No. 3.) After Mr. Guarneri failed to respond to the OSC, the Court issued a further OSC which Mr. Guarneri likewise failed to respond to, and on June 15 and 22, 2015 documents mailed to Mr. Guarneri were returned as undeliverable with no forwarding address.[1] (Dkt. Nos. 6, 8 & 10.)

As Mr. Guarneri has not consented to the jurisdiction of a magistrate judge, the Clerk of the Court is accordingly ordered to reassign this action to a district court judge. For the reasons explained below, the Court recommends that this case be REMANDED.

---

[1] A plaintiff is responsible for promptly notifying the Court of any address changes and failure to do so may result in dismissal of the complaint. *See* N.D. Cal. Civ. R. 3-1.

**DISCUSSION**

Mr. Guarneri, as the party seeking removal to this federal court, bears the burden of establishing that subject matter jurisdiction exists, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). The Court has reviewed the Notice of Removal and has determined that subject matter jurisdiction does not exist.[2]

Mr. Guarneri bases removal on both federal question jurisdiction and diversity jurisdiction. However, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint," and the underlying complaint makes only a state-law claim for unlawful detainer. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also U.S. Bank Nat'l Ass'n v. Terrenal*, No. 12–5540, 2013 WL 124355, at *2 (N.D. Cal. Jan. 8, 2013) (finding "no basis for asserting federal claim jurisdiction" where "[t]he complaint asserts only one state law claim for unlawful detainer"). With respect to diversity jurisdiction, Mr. Guarneri has not established that the parties are diverse or that the amount in controversy exceeds $75,000. Instead, the face of the state court complaint states that the amount demanded is less than $10,000. *See Federal National Mortgage Association v. Dominick M Guarneri et al*., No. 14-1997 TJH (C.D. Cal.), Dkt. No. 1-1 at p. 8 (the caption states that the "[a]mount demanded does not exceed $10,000."). Further, even were Mr. Guarneri's contentions as to federal jurisdiction maintainable, he appears to be a citizen of California as the underlying complaint alleges that he occupies property in California. The removal therefore contravenes the provision of 28 U.S.C. § 1441(b)

---

[2] Although Mr. Guarneri did not attach the state court complaint to his notice of removal despite 28 U.S.C. § 1446(a)'s requirement that he do so, the Court's Order to Show Cause took judicial notice of a prior notice of removal filed by Mr. Guarneri in the District Court for the Central District of California. *See Federal National Mortgage Association v. Dominick M Guarneri, et al*., No. 14-1997 TJH (C.D. Cal.). Mr. Guarneri attached the state court complaint to his notice of removal in the prior action in the Central District. *Federal National Mortgage Association v. Dominick M Guarneri et al*., No. 14-1997 TJH (C.D. Cal.), Dkt. No. 1-1 (filed September 25, 2014). The complaint bears the same Riverside County Superior Court case number as on Mr. Guarneri's Complaint here: BAC 1400863 and is captioned "Complaint for Unlawful Detainer Following Foreclosure Sale Action Based on Code of Civil Procedure Section 1161a." (*Id*. at p. 8.)

that precludes removal where any defendant is a citizen of the state in which the action was brought (the "no local defendant rule").

## CONCLUSION

Based on the foregoing, this Court RECOMMENDS that the newly assigned district court judge REMAND this action to the Superior Court for the County of Riverside.

Any party may file objections to this report and recommendation with the newly-assigned district court judge within 14 days after being served with a copy. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b); Civil L.R. 72-3.  Failure to file objections within the specified time may waive the right to appeal the district court's ultimate order.

**IT IS SO ORDERED.**

Dated: June 24, 2015

                                                                           _____
                                                                           JACQUELINE SCOTT CORLEY
                                                                           United States Magistrate Judge